UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIEJO NICHOLS,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                    /

Case No. 1:09-cv-1091

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's petition for attorney fees brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 23).

**I.    Background**

The undersigned issued a Report and Recommendation ("R & R") to reverse and remand this action pursuant to sentence four of 42 U.SC. § 405(g), for re-evaluation of the environmental limitations applicable to plaintiff and to obtain vocational evidence consistent with both plaintiff's environmental limitations and mental limitations. *See* docket no. 21. The district judge adopted the R & R as the opinion of the court, and ordered that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). *See* docket no. 22. Plaintiff now seeks fees under the EAJA in the amount of $ 11,073.00.

**II.    Plaintiff's claim for fees under the EAJA**

**A.    Legal standard**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

> Eligibility for an EAJA fee award in a civil action requires:
>
> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990). The Sixth Circuit has similarly highlighted the three conditions which must be met to recover attorney fees under the EAJA: "1) the claimant must be a prevailing party; 2) the government's position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees." *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994).

### III. Discussion

Under the EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks compensation of $11,073.00 based upon the following:

1.5 attorney hours at $170.00 per hour ($255.00); 58.20 attorney hours at $171.25 per hour ($9,966.75); 4.77 "[l]aw clerk with JD" hours at $125.00 per hour ($596.25); and 2.55 paralegal hours at $100.00 per hour ($255.00). Defendant does not object to an award of the EAJA fees in this instance. Rather, defendant objects only to the amount of plaintiff's fee, on the ground that the fee is unreasonable due to an excessive amount of time billed and excessive hourly rates charged.

### A.     Hours billed

Plaintiff seeks fees for a total of 67.02 hours spent on this case: 59.70 hours of attorney work;[1] 4.77 hours of "law clerk with JD" work; and 2.55 hours of paralegal work. After filing the complaint, plaintiff filed two motions for extension of time to file an initial brief, filed a 24-page initial brief raising three issues, and filed a 10-page reply brief. The court agrees with defendant's assessment that this case was fairly typical, involving a normal-sized record, straightforward issues and no oral arguments or supplemental briefing. In the court's experience, counsel seeking EAJA fees related to Social Security Appeals spend in the range of 15 to 30 hours working on these appeals. *See, e.g.*, *Mueller v. Commissioner of Social Security*, 1:09-cv-695, 2011 WL 2650651 (W.D. Mich. April 11, 2011) (23.5 hours); *Cooper v. Commissioner of Social Security*, 1:09-cv-40, 2011 WL 3269446 (W.D. Mich. April 11, 2011) (32.75 hours); *Karadsheh v. Commissioner of Social Security*, 1:08-cv-988, 2010 WL 4259644 (W.D. Mich. Sept. 17, 2010) (14.7 hours); *Huls v. Commissioner of Social Security*, 1:07-cv-748, 2008 WL 1932429 (W.D. Mich. May 1, 2008) (22.0 hours). In this case, it appears to the court that plaintiff's counsel spent an

---

[1] The nearly 60 hours of attorney time on this case actually reflects the billings of three separate attorneys: Frederick J. Daley, Jr., of Illinois, Heather Freeman of Illinois, and Jessica Chen of California. *See* Attorney Time Log and Qualifications (docket no. 23-2 at pp. 107).

excessive amount of time on the briefs. Interestingly, counsel argue that "[u]tilizing support staff reduces the cost of litigation, . . . . Thus, encouraging the use of paralegals and law clerks that bill at a lower rate than that of an attorney is extremely cost-efficient . . ." Plaintiff's Application for Attorneys' Fees at 4. While the court concurs with this reasoning, the total of the paralegal and law clerk time in this action, combined, amounts to only 11% of the 67 hours charged. The court will reduce the requested hours by 50%, resulting in 29.85 hours of attorney time, 2.38 hours of law clerk time, and 1.28 hours of paralegal time. *See, e.g., Communities for Equity v. Michigan High School Athletic Association*, No. 1:98-cv-479, 2008 WL 906031 at *4 (W.D. Mich. March 31, 2008) ("the propriety of simple across-the-board reductions by a certain percentage has been recognized by the Sixth Circuit as an appropriate mechanism for penalizing duplication and other billing problems") (citing *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir.1986)).

### B.     Hourly rate

Plaintiff seeks a maximum hourly rate of $171.25 for the attorneys, with an hourly rate of $125.00 for the law clerk and an hourly rate of $100.00 for the paralegal. Defendant does not propose any adjustment to the rates charged by the law clerk and paralegal. The paralegal's hourly rate of $100.00 is reasonable for work performed by paralegals in the Grand Rapids area. However, the court disagrees with the requested hourly rater for the law clerk. An unlicensed law school graduate should not be compensated at the statutory rate of $125.00 reserved for attorneys under the EAJA. Accordingly, the court will reduce the law clerk's hourly rate to $100.00.

Plaintiff's attorneys seek payment at hourly rates which exceed the EAJA's statutory hourly rate of $125.00. Defendant contends that plaintiff has failed to present evidence to establish a EAJA award at the increased hourly rates of $170.00 and $171.25. The court has been down this

4

road before. The EAJA's statutory hourly rate "is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Services*, 781 F.2d 545, 547 (6th Cir. 1986). Thus, the court does not reduce a fee request to the $125.00 hourly rate, but rather allows a plaintiff to receive an increase from that hourly rate under certain circumstances. *See* 28 U.S.C. § 2412(d)(2)(A). An applicant for attorney fees must produce satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009) (internal quotation marks omitted). In his application for EAHA fees, plaintiff seeks increased hourly rates due to an increase in the consumer price index and the fees allowed by federal courts in Illinois. *See* Attachments to Application for EAJA fees (docket no. 23-1). In his reply brief, plaintiff submitted additional evidence of the increase in the consumer price index in Michigan and a report and recommendation from an Eastern District case addressing EAJA fees. *See* Reply (docket no. 27). In EAJA cases, the court cannot increase the hourly rate solely on the basis of an increase in the consumer price index. *See Bryant*, 578 F.3d at 450 (clarifying that submission of the Department of Labor's consumer price index and an argument that the rate of inflation supports an increase in fees, is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA).

Plaintiff has not presented the type of evidence as contemplated by *Bryant* to establish an increase in the hourly rate. Nevertheless, in the interests of judicial economy, the court will address plaintiff's claim for an increased hourly rate. An hourly rate of $175.00 has been found to be a reasonable rate for experienced Social Security practitioners in the Western District in some instances. *See, e.g., Mueller v. Commissioner of Social Security*, 1:09-cv-695, 2011 WL 2648703

(W.D. Mich. July 6, 2011); *Karadsheh*, 1:08-cv-988, 2010 WL 4259644. Plaintiff's counsel have demonstrated that they are experienced Social Security practitioners. Rather than requiring the parties to file additional briefs on this matter, in which plaintiff's counsel could simply cite Western District cases to demonstrate the reasonableness of the fee request, the court concludes that the requested fee of $171.25 per hour is reasonable given counsel's experience and the prevailing hourly rates in this district.

### C.   Plaintiff's fee award

Based on the foregoing, plaintiff is entitled to EAJA fees in the amount of $5,477.81 calculated as follows:

| | | |
|---|---|---|
| Paralegal | 1.28 hours x $100.00 = | $ 128.00 |
| Law Clerk | 2.38 hours x $100.00 = | $ 238.00 |
| Attorneys | 29.85 hours x $171.25 = | $5,111.81 |
| Total | | $5,477.81 |

### D.   Assignment of EAJA fees

Finally, counsel asks that the EAJA fee be payable directly to counsel and not released to plaintiff. The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). "[T]he term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant." *Astrue v. Ratliff*, -- U.S. --, 130 S.Ct. 2521, 2525 (2010). Thus, it is the party, rather than his attorney, who is entitled to the fee award. *Id.* at 2529. *See also, Bryant*, 578 F.3d at 446-49 ("we conclude that [Congress] did not intend attorney fees under the EAJA to be payable directly to the party's attorney"). The court recognizes the potential for conflict among plaintiff, his creditors (including the United States Government), and his attorney

with regard to the disposition of the EAJA fees. However, "[t]he EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay [his] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue*, 130 S. Ct. at 2530 (Sotomayor, J. concurring). Plaintiff's contractual obligations to his attorney with respect to the disposition of an EAJA fee award, are separate obligations and not part of the present case. Accordingly, counsel's request to have payment made directly to the law firm should be denied.

### III.    Recommendation

Accordingly, I respectfully recommend that plaintiff's application for attorney fees pursuant to the EAJA (docket no. 23) be **GRANTED in part** and that defendant pay plaintiff attorney fees in the amount of **$ 5,477.81**.


Dated:  March 19, 2012                             /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).